CLD-325                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2169
_____

KENNETH WHITE,
                                                  Appellant

v.

U.S. BANK, Ex. Off.; RICHARD K. DAVIS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 1-16-cv-05879)
District Judge: Honorable Renee M. Bumb
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 3, 2017

Before:  SHWARTZ, RENDELL and FISHER, Circuit Judges

(Opinion filed: August 10, 2017)

_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kenneth White appeals pro se from the District Court's award of summary judgment. We will summarily affirm.

## I.

In 2016, White initiated this action in New Jersey state court against U.S. Bank and one of its officers (Richard Davis), alleging that they violated his rights "under the Constitutions of New Jersey, Minnesota, and the United States to be secure in his person, houses, papers, and effects" by confiscating more than $200,000 from his business banking accounts in August 2009.[1] Defendants removed the action to the District Court,[2] and several months later moved for summary judgment. The District Court granted this motion, treating White's claim as "one of conversion under both New Jersey and Minnesota Law," and concluding that it was time barred by applicable six-year statutes of limitations. This timely appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's award of summary judgment. Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009). We may summarily affirm the District Court where "it clearly appears that

---

[1] These funds turned out to be the proceeds of fraudulent tax returns, and U.S. Bank eventually returned them to the IRS.

[2] When White filed this action, he was incarcerated in New Jersey, serving a lengthy federal sentence for fraud-related charges. The District Court determined him to be a resident of Ohio, his pre-incarceration domicile. U.S. Bank and Davis claimed to be residents of Minnesota.

2

no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

We detect no error in the District Court's treatment of White's claim as "one of conversion," and agree that it is time-barred by the six-year statutes of limitations that govern such claims in both New Jersey and Minnesota. See N.J. Stat. 2A:14-1; Minn. Stat. § 541.05(4). White alleged that Defendants "confiscated" his funds in August 2009, but did not file this action until July 2016, nearly seven years later.[3] And he did not suggest—either in the District Court or this Court—that the statute should have been tolled for any reason. Indeed, the District Court acknowledged that he could "seek to present evidence [of] tolling" in a Federal Rule of Civil Procedure 60(b) motion, but he declined to do so. Accordingly, we will summarily affirm the judgment of the District Court.

---

[3] Although White appeared to assert constitutional claims, these claims would also be time-barred (state-action problems aside). See Heyert v. Taddese, 70 A.3d 680, 708 (N.J. Super. Ct. App. Div. 2013) (two-year statute of limitations for § 1983 claims); Zweber v. Credit River Twp., 882 N.W.2d 605, 608 n.1 (Minn. 2016) (six-year statute of limitations for § 1983 claims).